UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hakim N. HUDSON, CDCR #BV-7888,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>G. SIMON, San Diego Sheriff's Dep't,<br>　　　　　　　　　Defendants. | Case No.: 3:23-cv-2229-AGS-LR<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2);**<br><br>**(2) DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM; AND**<br><br>**(3) DENYING REQUESTS FOR STIPULATION AND MOTION FOR SERVICE (ECF 3, 4, 6)** |

In his First Amended Complaint, plaintiff Hakim N. Hudson alleges he was arrested without a warrant or probable cause, strip searched, and subsequently detained without charges for four days, in violation of his constitutional rights. (ECF 5, at 3–11.) For the reasons discussed below, the Court grants Plaintiff's motion to proceed without prepaying the filing fee and dismisses the complaint without prejudice and with leave to amend. The Court denies Plaintiff's other motions as moot.

**I.     MOTION TO PROCEED IN FORMA PAUPERIS**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The $52 administrative fee does not apply to persons granted leave to proceed without prepayment. *Id*.

required filing fee if the Court grants leave to proceed based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed without prepaying the fee, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1)&(4). Prisoners who proceed this way must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his motion, Hudson provided a copy of his trust account statement and prison certificate authorized by an accounting officer. (*See* ECF 2, at 5–6.) During the six months prior to filing suit, Plaintiff had an average monthly balance of $0, average monthly deposits of $0, and an available account balance of $0 at the time he filed suit. (*Id*. at 6.) Accordingly, Plaintiff's motion is **GRANTED**, and the Court assesses no partial filing fee. Hudson remains obligated to pay the $350.00 fee in monthly installments even if this action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1) & (2).

## II.   SCREENING

### A.   Legal Standards

The Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010); *see also* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "The standard for determining whether Plaintiff

has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And while detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of the plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). To establish liability under section 1983, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

Hudson alleges that on November 30, 2020, San Diego Police Officer G. Simon stopped him and asked to see his identification. (ECF 5, at 3.) Hudson provided Simon with his state ID. (*Id.*) At some point thereafter, Simon told Hudson he was under arrest. Initially, Simon stated he was arresting Hudson for failing to check in with felony probation. (*Id.*) Hudson told Simon he was no longer on probation or parole. (*Id.* at 3–4.) Ultimately, Simon arrested Hudson for failing to check in or register pursuant to California Penal Code section 290.018. (*Id.* at 3–4; *see also* ECF 5-1, at 7.) But Hudson states that the information Simon relied on was incorrect and he (Hudson) was "properly registered in

El Cajon." (ECF 5, at 4; *see also* ECF 5-1, at 1–5.) Nonetheless, Simon arrested Hudson, and transported him to the San Diego Central Jail. (ECF 5, at 7.) During the intake process, San Diego Sheriff's Department ("SDSD") staff conducted a strip search of Hudson. (*Id.* at 7–8.) Hudson was held in jail from November 30 until December 3, 2020, when he was released without charges. (*Id.* at 9; *see also* ECF 5-1, at 8.)

Hudson alleges his Fourth Amendment rights[2] were violated when he was arrested and subsequently searched and detained in jail for four days. (*Id.* at 3, 7, 9.) He seeks compensatory and punitive damages. (*Id.* at 13.)

**C.   Discussion**

   1.   *Statute of Limitations*

As an initial matter, it appears Hudson's claims are barred by the statute of limitations. A court may raise a statute of limitations bar *sua sponte* and dismiss claims when the running of the statute of limitations is apparent on the face of the complaint. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir. 1993). A complaint, however, may not be dismissed without leave to amend "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id*. (citation and internal quotations omitted); *see Jump San Diego, LLC v. Kruger*, 671 Fed. App'x 496, 497–98 (9th Cir. 2016) (stating plaintiff should be allowed to amend when "it is not certain that [plaintiff could] prove no set of facts that would establish the

---

[2] Plaintiff also references the Eighth Amendment and the Due Process Clause in his Complaint. (*See* ECF 5 at 8, 10.) However, based on his allegations that he was arrested, searched, and detained without a probable-cause determination, the Fourth Amendment applies. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) (When a "complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *see also Bell v. Wolfish*, 441 U.S. 520, 533 (1979) (stating the Due Process Clause protects a post-arraignment pretrial detainee); *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (stating the Eighth Amendment was "designed to protect those convicted of crimes").

timeliness of the claim[s]").

Section 1983 does not contain its own limitations period and instead borrows the two-year limitation period for personal-injury claims applicable to the forum state of California. Cal. Civ. Proc. Code § 335.1; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Generally, that two-year clock begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *See Bonelli v. Grand Canyon Univ.*, 28 F. 4th 948, 952 (9th Cir. 2022) (quoting *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008)). Specifically, a Fourth Amendment claim accrues "when the wrongful act occurs." *Id.*; *see also Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015).

Hudson's claims accrued on November 30, 2020, the date of his alleged unlawful arrest, search, and detention. (*See* ECF 5, at 3.) The limitation period expired two years later, on November 30, 2022. Plaintiff filed this action on November 7, 2023, nearly a year after the statute of limitations had expired. So, the claims are time-barred unless Hudson is eligible for tolling.

California law allows for the limitation period to be tolled for up to two years if the plaintiff is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Code § 352.1(a). There is some question as to whether Hudson's incarceration arising from this arrest would count. *Compare Elliott v. Union City*, 25 F.3d 800, 803 (9th Cir. 1994) *with Austin v. Medicis*, 21 Cal. App. 5th 577, 582 (2018). But the Court need not trouble itself long. Even if Hudson were eligible for § 352.1 tolling, the period of incarceration only lasted four days, which would not be nearly sufficient tolling to make a difference.[3]

---

[3] Hudson is now incarcerated at the Substance Abuse Treatment Facility and State Prison, Corcoran. (*See* ECF 5, at 2.) But there is no indication his current custody is related to his November 30, 2020 arrest nor continuous with that period of incarceration.

*See* § 352.1 (noting that tolling is only available for the "time of that disability," i.e. the incarceration). Therefore, his claims continue to appear time barred.

Although Hudson's claims seem untimely, it is possible he could allege additional facts to show he is entitled to sufficient equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994) (discussing the requirements for equitable tolling). Currently, however, Hudson has failed to plead facts which, if proved, would support any plausible claim for other types of tolling. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (stating the plaintiff carries the burden to plead facts which would give rise to equitable tolling).

Because it appears from the face of the pleadings that the original complaint was filed nearly three years after the two-year clock started, Hudson's claims are dismissed without prejudice for failure to state a claim. *See Levald*, 998 F.2d at 687; *see also* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

2. *Arrest*

In the event Hudson can show his claims are timely, the Court now turns to the substance of the allegations in the complaint. In his first claim, Hudson alleges Officer Simon arrested him without a warrant or probable cause, in violation of the Fourth Amendment. (ECF 5, at 3.) It is well-established that "an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (citing *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)).

An officer has probable cause to make a warrantless arrest when a reasonably prudent person possessing the facts and circumstances within the officer's knowledge would conclude that the suspect had committed or was committing a crime. *Id.* (citing *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 432 (9th Cir. 2010)). Probable cause does not require conclusive evidence of guilt, but only "some objective evidence which would allow

a reasonable officer to deduce that a particular individual has committed or is in the process of committing a criminal offense." *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984); *see also Adams v. Williams*, 407 U.S. 143, 148 (1972) ("Probable cause . . . is present if at the moment the arrest was made . . . the facts and circumstances within [the arresting officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.").

Here, Hudson alleges Simon asked him for identification and shortly after obtaining it, arrested him in reliance upon "information [that was] wrong." (ECF 5, at 3, 12.) But Hudson fails to specify what "incorrect information" Simon relied upon and/or how it was unreasonable for him to do so. Hudson appears to contend that his release from custody four days later shows there was no probable cause to arrest him. But that he was released does not establish an absence of probable cause at the time of his arrest, which requires consideration of the facts and circumstances known by Simon at the time of the arrest. *See Maryland v. Pringle*, 540. U.S. 366, 371 (2003); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) ("[T]he mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause."). Therefore, as currently pleaded, Hudson fails to state a Fourth Amendment claim against Simon for unlawful arrest. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

3.   *Search*

In his second claim, Hudson alleges his Fourth Amendment rights were violated by the SDSD when employee(s) subjected him to a strip search upon his intake into San Diego County Jail. (ECF 5, at 7.)

First, the SDSD is not a proper defendant. Under section 1983, municipalities are deemed "persons" subject to suit, but underlying municipal departments, such as the SDSD, are not. *See Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995); *see also Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). In addition, the Court

notes that even if Plaintiff had named the County of San Diego as a defendant, the facts as alleged in the complaint would be insufficient to state a claim against the County. To do so, Hudson must allege facts sufficient to plausibly show the SDSD employees who searched him did so pursuant to a county "policy or custom." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1974); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under section 1983.[4] *See Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."). Thus, Hudson has failed to state a Fourth Amendment claim against SDSD based on his intake strip search. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

    4.    *Detention*

In his third claim, Hudson alleges Simon and SDSD unlawfully detained and "falsely imprisoned" him without probable cause and held him in jail for four days without a "criminal complaint." (ECF 5, at 9.) He also contends that, upon intake, he was improperly confined in administrative segregation without due process. (*Id.* at 10.)

First, to prevail on a section 1983 claim against Simon for false imprisonment based upon an alleged unlawful arrest, Plaintiff must "demonstrate that there was no probable cause to arrest him."[5] *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.

---

[4] Had Hudson named the individual deputies who performed the search, he would still likely fail to state a claim. The Supreme Court has held that generally strip searches of inmates entering the general population of a jail are constitutional even without reasonable suspicion. *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318 (2012). *But see Hudson v. Palmer*, 468 U.S. 517, 528 (1984) (stating searches done for the purpose of harassment are not constitutionally valid).

[5] In his complaint, Huston also references the state tort of false imprisonment. (ECF 5, at 11.) Under California tort law, false imprisonment requires: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal.

1998) (per curium); *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). Thus, to the extent Hudson's false-imprisonment claim against Simon is based on his purported false arrest, he fails to state a claim for the same reasons discussed earlier.

Next, Hudson alleges he was falsely imprisoned by SDSD when he was held in jail for four days without a "criminal complaint." (ECF 5, at 9.) The Fourth Amendment "requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention." *Powell v. Nevada*, 511 U.S. 79, 80 (1994). An arrestee "is entitled under the Fourth Amendment to a hearing at which he is presented with the probable cause of his arrest within forty-eight hours of the arrest." *Benson v. Chappell*, 958 F.3d 801, 823 (9th Cir. 2020); *see also Pierce v. Multnomah Cnty., Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996) ("The Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."). "[A]bsent extraordinary circumstances, a longer delay violates the Fourth Amendment." *Powell*, 511 U.S. at 80. As discussed above, however, the SDSD is not a proper defendant in a section 1983 claim because municipal departments are not "persons" for purposes of section 1983. *See Hervey*, 65 F.3d at 791. Therefore, Hudson has failed to state a claim against SDSD.[6]

Finally, Hudson's claim that SDSD violated his right to due process by housing him

---

App.4th 485, 496 (Cal. App. 2000). Here, because Hudson has failed to state a cognizable § 1983 claim, the Court declines to exercise supplemental jurisdiction over his state law claim. *See* 28 U.S.C. § 1368(c)(3).

[6] Even if Hudson were suing San Diego County, as currently pleaded, Hudson would still fail to state a claim. While Plaintiff refences the standard set forth in *Monell* (ECF 5, at 11), he fails to allege any facts suggesting the "execution of a government's policy or custom" was the moving force behind his purportedly unlawful detention. *See Monell*, 436 U.S. at 694.

in administrative segregation upon intake at the jail, fails for the same reason. Moreover, while the Fourteenth Amendment provides, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law," prisoners who wish to invoke due-process protections must establish the existence of a protected liberty interest and show it was denied without due process. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). "Typically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (citations omitted); *see also Candler v. Santa Rita Cnty. Jail Watch Commander*, 798 F. App' 95, 96–97 (9th Cir. 2020).

In sum, Hudson has failed to state a Fourth Amendment and/or false-imprisonment claim against Simon and SDSD based on his four-day detention. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

**D.     Leave to Amend**

In light of Plaintiff's pro se status, the Court **GRANTS** leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [under 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *see also Cervantes*, 5 F.3d at 1276–77 (when the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend to allege facts which, if proved, might support tolling).

### III.     MISCELLANEOUS REQUESTS AND MOTION FOR SERVICE

Plaintiff has also filed two requests for "stipulations of fact" (ECF 3, 4) and a "motion for service" (ECF 6). Because the operative complaint is dismissed without prejudice, the requests for stipulation and motion for service are **DENIED** without prejudice as moot.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to proceed IFP under 28 U.S.C. § 1915(a) (ECF 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Plaintiff's First Amended Complaint without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5. **DENIES** Plaintiff's Requests for Stipulation (ECF 3, 4) and Motion for Service (ECF 6) as moot.

6. **GRANTS** Plaintiff until **May 13, 2024**, to file a Second Amended Complaint which cures the deficiencies of pleading noted in this Order. Specifically, Plaintiff's Second Amended Complaint must be complete by itself without reference to any previous version of his pleading. Defendants not named and any claims not re-alleged in the new complaint will be considered waived. See S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated:  March 13, 2024

_____
Hon. Andrew G. Schopler
United States District Judge